UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

| | | |
|---|---|---|
| GERALD CHRISTOPHER SCHULTZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-258 |
| | ) | |
| v. | ) | HON. GORDON J. QUIST |
| | ) | |
| FERNANDO FRONTERA, et al., | ) | |
| | ) | |
| Defendants. | ) | **OPINION** |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Defendants Dr. Fernando Frontera, Nurse Practitioner VanLandschoot, Housing Unit Manager Gloria Hill, Unknown Party #1 Registered Nurse Jane Doe, Unknown Party #2 Dr. John Doe, Unknown Party #3 Registered Nurse Jane Doe.

Plaintiff claims that he was diagnosed with Psoriasis in 1993. Since Plaintiff's diagnosis, he has never been examined by a dermatologist, despite the fact that none of the medications he has been given have been effective in treating his condition. Over the past twelve years, Plaintiff has been prescribed Sinalar Ointment and Liquid, Kenalog Ointment and Cream,

Lidex Ointment and Cream, Dovenex Ointment and Cream, two cycles of oral steroids, Coal Tar Shampoo, Dandruff Shampoo, Poly Tar Shampoo, Pine Tar Shampoo, Betamethasone, Hydrocortisone, Vaseline Lotions, Vitamin E and Multi-vitamins. None of the treatments has provided Plaintiff with full relief. Plaintiff has repeatedly asked to see a dermatologist and to be given other treatments, but was told that such treatments cost too much money.

Plaintiff was transferred to AMF on June 7, 2004, at which time he wrote numerous kites requesting treatment for his psoriasis. Plaintiff was not seen by a doctor until June 26, 2004, when he wrote a grievance regarding the lack of treatment. Defendant VanLandschoot ordered medication for Plaintiff, but did not order enough to cover the affected area. Plaintiff asked for a new medication, but Defendant VanLandschoot refused, even though she knew that the medication had been ineffective in the past. Plaintiff filed grievance number 04-07-01693-12f on Defendant VanLandschoot and appealed the denial to step III to no avail.

Plaintiff claims that he suffered from constant itching, bleeding and infections. Each time Plaintiff was seen by Defendant VanLandschoot he complained that the treatment he was receiving was ineffective, but he did not receive any relief. Plaintiff kited to see the doctor so that he could have his Kenalog cream changed to an ointment and have the amount increased so that it would cover all affected areas. Plaintiff was told that the doctor would review the chart. On October 8, 2005, Plaintiff grieved Defendant Doctor John Doe's lack of action and appealed the denial to step III. Plaintiff continued to have difficulty getting the required treatment and appropriate dosage for his medication. Plaintiff states that when he kited for refills, he would be told by Registered Nurse Jane Doe that there was no refill on his medication, when it had just been reordered by the doctor. On other occasions Jane Doe would tell Plaintiff that his medication needed to be reviewed and would make Plaintiff wait for two to three weeks. On February 22, 2005, Plaintiff

wrote a grievance on health care for denying Plaintiff placement on the chronic care clinic. In the grievance, Plaintiff also asked to see a dermatologist and to be transferred to the Marquette Branch Prison (MBP). Plaintiff's grievance was denied at each level. Since filing that grievance, Plaintiff's medication was changed three times, but was never given to Plaintiff in an amount which was adequate to cover the affected areas.

From April 26, 2005, until June 22, 2005, Plaintiff kited seven times to get his medication, with no success. Plaintiff wrote another grievance on May 25, 2005. Plaintiff finally received medication on July 22, 2005, but when his order for Betamethasone ran out in July, he was again forced to wait for three weeks before he was given Hydrocortisone. Plaintiff claims that Defendant Hill is in charge of health care and states that he has written to her on several occasions to no avail.

Plaintiff also claims that he suffered a rotator cuff injury in 2001, and has never received an x-ray or an MRI. Plaintiff states that he filed numerous kites requesting medical attention for this complaint, but was merely told to do exercises. Plaintiff wrote two grievances on this issue, but was told that no MRI or x-rays would be done because of the cost. Plaintiff requested his medical file, but was denied in violation of the Freedom of Information Act. Plaintiff claims that "RN Jane Doe" and Defendant Frontera have violated his right to adequate medical treatment. Plaintiff alleges that he cannot lift his arm past the middle of his chest without his shoulder popping out of joint. Plaintiff claims that Defendants' conduct violates his rights under the Eighth Amendment. For relief, Plaintiff requests damages and equitable relief.

      II.      <u>Lack of exhaustion of available administrative remedies</u>

Plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with

respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). In order to properly exhaust Michigan Department of Corrections grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Plaintiff's claims that he was denied needed medical care are the type of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective Nov. 1, 2000). The burden to allege and show exhaustion belongs to Plaintiff. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district

court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff states that he filed grievances on Defendants VanLandschoot and Dr. John Doe, as well as against "health care," and that he appealed the denial of his grievances at levels II and III. However, Plaintiff fails to attach copies of his grievances or the responses. Nor does Plaintiff specifically allege that he filed any grievances which named Defendants Frontera, Hill, and Unknown Parties #1 and #3. Moreover, an allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL 183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiff has failed to demonstrate exhaustion of available administrative remedies with regard to Defendants Frontera, Hill and Unknown Parties #1 and #3.

Because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court will dismiss his action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL

534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  December 16, 2005                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE